IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**STATE AUTO PROPERTY AND**                                                                     **PLAINTIFF**
**CASUALTY INSURANCE COMPANY**

**V.**                                                                                                                **NO. 3:16-CV-73-DMB-JMV**

**EUGENE BURNETT, Individually and**
**d/b/a JB's Auto and Diesel; and THE**
**UNITED STATES OF AMERICA**                                                                 **DEFENDANTS**

**OPINION AND ORDER**

This interpleader action is before the Court on the United States of America's renewed motion for summary judgment. Doc. #61.

**I**
**Summary Judgment Standard**

Under Rule 56 of the Federal Rules of Civil Procedure, "[s]ummary judgment is proper only when the record demonstrates that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law." *Luv N' Care Ltd. v. Groupo Rimar*, 844 F.3d 442, 447 (5th Cir. 2016). "A factual issue is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party, and material if its resolution could affect the outcome of the action." *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 226 (5th Cir. 2015) (internal quotation marks omitted). On a motion for summary judgment, a court must "consider the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor." *Edwards v. Cont'l Cas. Co.*, 841 F.3d 360, 363 (5th Cir. 2016).

In seeking summary judgment, "[t]he moving party bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." *Nola Spice Designs,*

*L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015) (internal quotation marks and alterations omitted). If the moving party satisfies this burden, "the non-moving party must go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id*. (internal quotation marks omitted). "Where the nonmoving party bears the burden of proof at trial, the moving party satisfies this initial burden by demonstrating an absence of evidence to support the nonmoving party's case." *Celtic Marine Corp. v. James C. Justice Cos., Inc.*, 760 F.3d 477, 481 (5th Cir. 2014).

A motion for summary judgment cannot be granted merely because it is unopposed. *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985); *see* L.U. Civ. R. 7(b)(3)(E) ("If a party fails to respond to any motion, other than a dispositive motion, within the time allotted, the court may grant the motion as unopposed."). Summary judgment can only be granted "if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it …." Fed. R. Civ. P. 56(e)(3); *see Vasudevan v. Adm'rs of Tulane Ed. Fund*, 706 Fed. App'x 147, 152 (5th Cir. 2017) (summary judgment warranted if motion for summary judgment unopposed and supporting materials show movant entitled to it).

> [I]f the moving party fails to establish by its summary judgment evidence that it is entitled to judgment as a matter of law, summary judgment must be denied—even if the non-movant has not responded to the motion. But where the movant's summary judgment evidence does establish its right to judgment as a matter of law, the district court is entitled to grant summary judgment, absent unusual circumstances.

*McDaniel v. S.W. Bell Tel.*, 979 F.2d 1534, 1992 WL 352617, at *1 (5th Cir. 1992) (unpublished table decision) (internal citations omitted) (citing *John v. State of Louisiana (Bd. of Trs. for State Colls. & Univs.)*, 757 F.2d 698, 708 (5th Cir. 1985)).

## II
## Relevant Factual and Procedural Background

The Court previously detailed the factual and procedural background of this case in its September 29, 2017, Opinion and Order denying the United States' initial motion for summary judgment,[1] and such facts are incorporated here. *See* Doc. #44 at 5–9. Following the Court's September 29 ruling, the United States, on January 22, 2018, filed a renewed motion for summary judgment.[2] Doc. #61. The renewed motion seeks the same relief sought in the United States' first summary judgment motion—that the interpleaded insurance funds be distributed to the United States because they are subject to federal liens recorded against Eugene Burnett for unpaid federal income taxes. Doc. #61. Burnett did not respond to the renewed summary judgment motion.

## III
## Analysis

The United States' first motion for summary judgment was denied, in part, because there was a question of material fact as to the existence of an installment agreement between Burnett and the Internal Revenue Service. Doc. #44 at 19–20. In its renewed motion for summary judgment, the United States, relying on the affidavit of Revenue Officer Vickie Salter, asserts that "[t]here is no longer any dispute that … Burnett[] is a party to an installment agreement with the IRS to pay some of the tax underlying the federal tax lien that attached to his interest in the interpleaded funds at issue." Doc. #61 at 1; *see* Doc. #61-1 at 2–3.[3] Accordingly, only a question of law remains before the Court: whether the existence of an installment agreement bars the United

---

[1] In the same order, the Court granted State Auto Property and Casualty Insurance Company's motion for summary judgment and dismissed State Auto from this case. Doc. #44 at 24.

[2] On November 29, 2017, the United States moved for leave to file a renewed motion for summary judgment, Doc. #47, which this Court granted on January 11, 2018, Doc. #57.

[3] Salter's affidavit describes the history and type of installment agreements between Burnett and the IRS, including Burnett's payment status.

States from enforcing a tax lien against the interpleaded insurance funds.

This question of law—whether an installment agreement prohibits the United States from enforcing a tax lien against interpleaded funds—was left undecided by the Court in its prior summary judgment ruling. *See* Doc. #44 at 23–24 ("While it is likely that in the absence of an installment agreement, the United States' tax lien would extend to the proceeds, the United States' motion and supporting materials have not shown that the United States is entitled to the proceeds notwithstanding an installment agreement.") (footnote omitted). For the reasons explained in more detail below, the Court now answers that question and finds that an installment agreement does not prohibit the IRS from enforcing a lien against interpleaded funds.

As mentioned above, Burnett did not respond to the United States' renewed motion for summary judgment. However, in response to the United States' first motion for summary judgment, Burnett, without citation to legal authority, contended in part that because he was a party to an installment agreement with the IRS, he is entitled to the interpleaded funds. Doc. #38 at 1–2. In that regard, the United States' argument in its renewed motion for summary judgment discusses two provisions of the Internal Revenue Code—26 U.S.C. § 6321 and 26 U.S.C. § 6331.

Under 26 U.S.C. § 6321, "[i]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amount … shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." Here, on May 30, 2013, the IRS recorded a Notice of Federal Tax Lien in Panola County, Mississippi, against Burnett for $216,925.65 in unpaid tax liabilities. Doc. #32-4. Accordingly, there can be no dispute that a lien is at issue here.

A different section of the IRS Code, 26 U.S.C. § 6331, authorizes the Secretary of the

Treasury to collect by levy[4] outstanding taxes. However, "various subsections of section 6331 prohibit the Secretary from levying under certain circumstances." *Eichler v. Comm'r*, 143 T.C. 30, 37 (2014) (citing 26 U.S.C. § 6331 (f), (g), (i), (j), (k)). One such circumstance prohibits the Secretary from levying while an installment agreement is in effect. 26 U.S.C. § 6331(k).

In interpreting the IRS Code, courts first "begin … with the words of the statute." *Howard Hughes Co., L.L.C. v. Comm'r*, 805 F.3d 175, 180 (5th Cir. 2015). There is nothing in the IRS Code suggesting that the limitations found in the statute governing levies (§ 6331) are applicable to the statute governing liens (§ 6321). Notably, § 6331(k) is titled, "No *levy* while certain offers pending or installment agreement pending or in effect." 26 U.S.C. § 6331(k) (emphasis added). Accordingly, the plain text of the statute does not support the proposition that the limitations found in § 6331(k) apply to enforcement of a lien.

Additionally, courts that have addressed the issue of whether § 6331 limits the United States' ability to enforce liens have found that the restrictions of § 6331 do not apply to liens. *See e.g., Baltic v. Comm'r*, 129 T.C. 178, 180 n.4 (2007) ("Sec. 6133(k)(1) [sic] generally blocks the IRS from collecting taxes by levy (*though not by lien*) while an [offer-in-compromise] is pending.") (emphasis added);[5] *United States v. Cazzell*, No. 15-06127, 2016 WL 7015690, at *3 (W.D. Mo. Aug. 10, 2016) ("[W]hile the Government is precluded from using an administrative levy while an installment agreement is pending, the Government is not precluded from seeking judicial enforcement of their tax lien.");[6] *see also Am. Tr. v. Am. Cmty. Mut. Ins. Co.*, 142 F.3d

---

[4] The Court, in its previous order, noted the difference between a levy and a lien. *See* Doc. #44 at 17 n.9.

[5] While *Baltic* concerned an offer-in-compromise, § 6331(k) prohibits the use of levy in both offers-in-compromise and installment agreements. Accordingly, if the enforcement of a lien is not prohibited by § 6331(k) because of a pending offer-in-compromise, similarly, the enforcement of a lien is not prohibited because of an installment agreement.

[6] The judicial enforcement of the lien in *Cazzell* concerned a 26 U.S.C. § 7403 proceeding, which authorizes the United States to file an action in district court to enforce a lien. Here, the United States did not initiate a judicial proceeding; rather, the United States seeks to defend its lien interest as a named defendant in an interpleader action.

920, 923–24 (6th Cir. 1998) ("The United States Courts of Appeals that have considered the relationship between administrative levies and tax liens have recognized that a tax lien under § 6321 can attach to property that would be exempt from a § 6331 administrative levy.") (collecting cases).

In light of § 6331's plain language, as well as its interpretation by other courts, this Court finds that the existence of an installment agreement does not preclude the United States from enforcing its tax lien against Burnett.[7]  Accordingly, the United States is entitled to the surplus insurance funds deposited into the Court's registry.

## IV
## Conclusion

For the above reasons, the United States' renewed motion for summary judgment [61] is **GRANTED**.  The United States is awarded the surplus insurance proceeds of $88,492.74 deposited into the Court's registry.  A final judgment consistent with this opinion will be issued.

**SO ORDERED**, this 6th day of August, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

It stands to reason that if the United States may file a § 7403 action to enforce a lien during the pendency of an installment agreement, the United States may also defend its lien interest while an installment agreement is in effect.

[7] Because the Court finds § 6331 does not prohibit the United States from enforcing its tax lien, the Court declines to address the United States' alternative argument that defending a tax lien in an interpleader action is beyond the scope of § 6331.